```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: February 8, 2013
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
ANDERSON MCCALL CARTER                          :
                                                :
                     Plaintiff,                 :
                                                :    08 Civ. 5799 (PAC)
         - against -                            :
                                                :    OPINION & ORDER
CITY OF NEW YORK, REGINE CROSBY,                :
STEPHANIE MELTON, and WARDEN BAILEY             :
                                                :
                     Defendants.                :
                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

HONORABLE PAUL A. CROTTY, United States District Judge:

Defendants Warden Bailey ("Bailey"), Regina Crosby ("Crosby"), Stephanie Melton ("Melton," and, collectively, the "Individual Defendants"), and the City of New York (the "City") seek to bifurcate Plaintiff Anderson McCall Carter's ("Carter") claims against the City from those against the Individual Defendants and to stay Monell discovery until liability against the Individual Defendants has been proven. Bifurcation is not warranted and Defendants' request is DENIED.

Contrary to Defendants' assertions, "'municipal liability for constitutional injuries may be found to exist even in the absence of individual liability, at least so long as the injuries complained of are not solely attributable to the actions of the named individual defendants.'" Golodner v. City of New London, 443 Fed. App'x 622, 625 (2d Cir. 2011) (quoting Barrett v. Orange Cnty. Human Rights Comm'n, 194 F.3d 341, 350 (2d Cir. 1999)). A finding that the Individual Defendants are not liable for Carter's injuries would not necessarily obviate the need for litigating his claims against the City. Bifurcation would not further judicial economy.

Moreover, Defendants acknowledge that elements of Carter's claims against the Individual Defendants include that they had "'knowledge that [he] face[d] a substantial risk of serious harm'" and "'disregard[ed] that risk by failing to take reasonable measures to abate the harm.'" Letter from Brian J. Farrar (Jan. 4, 2013) (quoting Haynes v. New York City Dept. of Corr., 84 F.3d 614, 620 (2d Cir. 1996)). Carter alleges that he was attacked "with a metal object resembling a scalpel or razor" (Second Amended Complaint ("Compl.") at ¶ 27), despite the "numerous magnetometers . . . installed within AMKC for the very purpose of detecting metal weapons," including magnetometers located between the cell block where the attack occurred and both the prison yard and entrance to AMKC. (Id. at ¶ 31.) According to Carter, the Individual Defendants, at minimum, were aware that "the magnetometers were regularly deactivated or not properly utilized" and that prisoners housed in his cell block possessed weapons. (Id. at 34-35, 37.) Carter further alleges that Melton, Crosby, and an additional unidentified corrections officer were aware of specific threats made to Carter by his assailant, but took no action to prevent his eventual assault. (Id. at ¶ 23-25.) Plaintiff is entitled to full and complete discovery concerning his allegations.

Nevertheless, his current discovery requests are overly broad and burdensome. There is no reason for discovery dating back to 2003. The primary focus must be on the threats and the attack at issue. Accordingly, the Court strikes plaintiff's outstanding discovery requests Carter may serve new, more focused interrogatories and document requests in their place.

Dated: New York, New York
       February 8, 2013

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge